## SMITH v SMITH et

Ohio Appeals, 2nd Dist, Darke Co.

No 588.   Decided May 19, 1941

T. A. Billingsley, Greenville, for Waldo G. Smith, plaintiff-appellant.

George W. Porter, Greenville; Floyd D. Smith, Greenville, for Robert K. Smith and Ellen N. Shuttleworth.

John S. Hankin, Greenville, for The Northwestern Mutual Life Insurance Company.

### OPINION

By BARNES, J.

The above entitled cause is now being determined de novo by reason of two appeals on questions of law and fact from the judgment of the Court of Common Pleas of Darke County, Ohio.

The defendant Ellen N. Shuttleworth, is the mother of Waldo G. Smith and Robert K. Smith.

The husband and father respectively of the mother and two sons died a number of years ago, leaving to his widow, then Ellen N. Smith, a farm of eighty acres in Darke County, Ohio. The mother, Mrs. Smith, afterwards married Joseph Shuttleworth.

On October 12, 1934, Mrs. Shuttleworth, for a named consideration of $1.00 and other valuable considerations, conveyed, by warranty deed, to her two sons, Robert K. and Waldo G. Smith, the eighty acre farm in question. The warranty clause contained an exception as to a certain mortgage previously given to the Northwestern Mutual Life Insurance Company, which the grantees assumed and agreed to pay. The mortgage originally called for $4,000.00, but some time before the instant action was reduced to $3,400.00.

On the same day of the execution of the deed and contemporaneously therewith, the parties executed a written contract referring to the deed in question and among other things containing the folowing:

"Whereas in view of the present low value of real estate and the small amount of the consideration in said deed, now, therefore:

It is agreed by and between the said parties hereto, that the said party of the first part shall have and receive one-half of all the proceeds from said premises when the same are occupied by a tenant, or occupant, on a crop share basis, or the full amount of the money paid by the tenant, or occupant,

when leased on a cash rental basis, and in event the said parties of the second part, or either of them, shall occupy said premises, the said party of the first part shall still be entitled to receive one-half of the proceeds, or the cash rental as above provided herein.

It is further agreed by and between the said parties hereto that the said first party shall pay all taxes and assessments levied against said premises, and shall keep the buildings thereon insured in some solvent insurance company against loss by fire and wind, and pay the insurance premiums to keep such policies of insurance in full force and effect. It is further agreed by and between said parties hereto that the said parties of the second part shall bear all the expense incident to the upkeep, necessary repairs and additional improvements on said premises.

It is further agreed by and between the said parties hereto that the said parties of the second part shall have the supervision, management and renting of the above described premises."

For about three years the parties operated amicably under the arrangement contained in the deed and contract. Mrs. Shuttleworth received the rents, as per the agreement, and paid all taxes and insurance. The interest on the mortgage loan was paid until April 28, 1937. There is some evidence in the record that some improvements were made on the farm.

Disagreement arose between the two brothers, Waldo contending that Robert could not meet his share of the money outlay, and Robert contending that Waldo did not consult him about things to be done on the farm.

Prior to the instant case the brother Waldo took three cognovit judgments against his brother Robert. On May 28, 1938, the plaintiff, Waldo, brought an action for partition, making Robert K. and the Northwestern Mutual Life Insurance Company parties defendant.

Mrs. Shuttleworth was subsequently made a party and filed answer, asking that the action for partition be dis-missed, that the deed of conveyance to her two sons be set aside, and that the title to the eighty acre tract be returned to her.

The defendant The Northwestern Mutual Life Insurance Company filed an answer, setting up its interest in the premises and praying that its interest be protected in the event of a sale. Afterwards this defendant filed an amended answer and cross-petition, praying for foreclosure.

The defendant Robert K. filed a reply to the answer and cross-petition of his mother, Mrs. Shuttleworth, admitting the existing contract as executed simultaneously with the deed, but denying that it was continuously operative for the reason that under its terms no provision was made as to how long the mother should continue to receive the rents and profits.

It is a striking fact that the contract contained no term of operation. All parties in interest, except the plaintiff, Waldo, claim that the contract was to be operative during the life of Mrs. Shuttleworth.

From the record it is inferable that at the time of the execution of the deed and contract Mrs. Shuttleworth was in very poor health, and was expected to live but a short period of time. Unquestionably the entire plan was to make distribution of this property fully operative at the time of her death, and all due to the fact that the property came from the father of the two boys. According to the testimony of Waldo, nothing was said at all as to the time limit in the contract. His counsel urges that since no time was stated, the contract was only operative at will and could be terminated at any time upon notice.

The trial court, after hearing, denied partition, ordered foreclosure on the answer and cross-petition of the Insurance Company and determined that the mother, Mrs. Shuttleworth, did not have a life estate in the premises, as claimed, but did have a vendor's lien thereon for the payment of the rents and profits as long as she lived. The court further ordered that

after the payment of the mortgage and lien and all costs, the balance should be placed in the hands of a named trustee for investment and the income therefrom should be paid to Mrs. Shuttleworth so long as she lived. Following her death the corpus of the property should be divided between the two sons, with Robert's interest charged with the judgment liens and interest due to Waldo.

Following the court's finding and judgment, both the plaintiff, Waldo G. Smith, and the defendant Ellen N. Shuttleworth, perfected appeals to this court.

An examination of the record discloses that there is very little controversy on the questions of fact. but there is a wide divergence between counsel as to the controlling law.

The only disputed fact as to the contract we think is properly determined in favor of the mother. Unquestionably, there was an inexcusable ambiguity as to time.

The oral testimony was overwhelming that the contract was to continue during the life of Mrs. Shuttleworth. Even without any oral testimony, we think the contract would be given such a construction.

While this case is before us de novo, yet it is presented upon the same evidence in transcribed form as was considered by the trial court. We have been favored with the very able and well considered opinion of the trial court and we are in accord with the conclusions in all respects. Under this situation, nothing can be gained . by writing an extended opinion, since the result would be the same.

We therefore adopt the opinion of the trial court and our finding and judgment will be the same.

Costs in this court will be adjudged against the appellant.

Entry may be drawn accordingly.

GEIGER, PJ. and HORNBECK, J., concur.